IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, ) | Cause No. | CR 10-39-BLG-JDS-01 |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| **ROGER DEAN SNAKE**, ) | **O R D E R** | |
| ) | ********** | |
| Defendant. ) | | |
| ) | | |

Presently before the Court is the Defendant's Motion in Limine Re: Proposed Rule 414 Evidence. Doc. No. 19.  The Rule 414 evidence consists of statements by Defendant's daughter that she suffered sexual abuse by Defendant over twenty years ago.  Additionally, the government seeks to elicit evidence from a police officer who interviewed the Defendant's daughter in 1988. See Rule 414, Fed. R. Evid.

Under Rule 403, otherwise relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." Rule 403, Fed. R. Evid.. In *United States v. LeMay*, 260 F.3d 1018 (9th Cir.2001) the Ninth Circuit considered the application of Rule 414 evidence in the context of Rule 403.  See *LeMay*, 260 F.3d 1018, 1027 (9th Cir.2001).  The *LeMay* Court found that in determining admissibility of evidence under Rule 414, the Court should consider the following nonexclusive factors: "(1) the similarity of the prior act to the act charged; (2)

the closeness in time of the prior act to the act charged; (3) the frequency of prior acts; (4) the presence or lack of intervening circumstances; and (5) the necessity for evidence beyond the testimony already offered at trial." *LeMay,* 260 F.3d at 1027-28 (internal quotations omitted).

Considering the similarity of the prior act to the act charged, the Court finds this factor weighs in neither party's favor. The Government is correct that both involve young female relatives of the Defendant. However, Defendant argues that the specific type of sexual abuse differs in nature. The Court finds that both parties are technically correct. However, the Court notes that Defendant's daughter's allegations of accompanying violence, coercion, and that Defendant may have prostituted her to his brother for sodomy purposes are not directly coterminous with the present allegations and would certainly prove extremely inflammatory to a jury.

Taking that into consideration, the Court finds the second *LeMay* factor dispositive in this case. The uncharged acts the government seeks to introduce occurred over 20 years ago. Judge Richard F. Cebull's decision in *Stern* is distinguished in that Stern had no opportunities to re-offend due in part to his incarceration. See *U.S. v. Stern,* 2010 WL 3069710, *1 (9th Cir. 2010) (unpublished disposition). Defendant points out that he has been living amongst children for some time without any reported incidents of abuse in the twenty plus years between the prior allegation and the present one.

The Court also concludes the necessity of the Rule 414 evidence beyond testimony offered at trial does not defeat the very distant temporal proximity of the highly prejudicial 414 evidence.

**Conclusion**

After considering the particular circumstances of this case as applied to the *LeMay* factors, the Court finds that the probative value of the 414 evidence is outweighed by the very strong prejudicial qualities of that evidence and Defendant's Motion in Limine Re: Proposed Rule 414

Evidence. [Doc. No. 19] is **GRANTED.**

The Clerk of Court shall notify the parties forthwith of the making of this Order.

DATED this 10th day of November, 2010.

                                                  **/s/ Jack D. Shanstrom**
                                                  Jack D. Shanstrom
                                                  Senior U.S. District Court Judge